**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4509**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

GREGORY RYAN ELLIS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:15-cr-00068-RLV-DSC-2)

Submitted:  April 25, 2017                              Decided:  April 27, 2017

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Kenneth D. Snow, SNOW LEGAL GROUP, PLLC, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, Ashville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory Ryan Ellis pled guilty to conspiracy to distribute and possess with intent to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 846 (2012). The district court sentenced him to 235-months' imprisonment. Ellis' counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that, in counsel's view, there are no meritorious issues for appeal, but challenging the amount of methamphetamine attributed to Ellis and the reasonableness of the sentence. Ellis has not filed a supplemental pro se brief, despite notice of his right to do so. We affirm.

We review a sentence for reasonableness, applying an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). In so doing, the court examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51. A district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the Guidelines range. *United States v. Carter*, 564 F.3d 325, 330 (4th Cir. 2009).

The district court appropriately calculated the amount of methamphetamine known or reasonably foreseeable to Ellis as 10.5 kilograms. *See United States v. Irwin*, 2 F.3d 72, 77 (4th Cir. 1993). This amount was supported by the factual statement in support of Ellis' plea, his statement to law enforcement officers, and the lab results of the methamphetamine seized from Ellis' codefendants. We find no clear error by the district court in determining

2

the applicable drug quantity. We also discern no clear error in the district court's imposition of a two-level enhancement to Ellis' offense level after finding that Ellis made a threat of violence. We conclude that the district court appropriately calculated Ellis' Guidelines range. After the reduction for acceptance of responsibility and after considering the relevant sentencing factors in 18 U.S.C. § 3553(a) (2012), the court imposed a 235-month sentence.

We conclude that the court adequately explained its reasons for the sentence imposed and that 235-month sentence is not unreasonable and not an abuse of discretion. *See United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (applying an appellate presumption of reasonableness to a sentence imposed within or below a properly calculated advisory Guidelines range).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Ellis' conviction and sentence. This court requires that counsel inform Ellis, in writing, of the right to petition the Supreme Court of the United States for further review. If Ellis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ellis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*